Adam D. Ford (11363)
10542 SOUTH JORDAN GATEWAY, SUITE 300
SOUTH JORDAN, UT 84095
(801) 407-8555
adam.ford@fordhuff.com
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT OF UTAH
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMBUEHL, JOHN;, et al., | |
| Plaintiffs, | **AFFIDAVIT OF JOHN AMBUEHL** |
| vs. | Case No. _____ |
| ABN AMRO, et al., | Judge _____ |
| Defendants. | |

State of Utah       )
                    )  ss:
County of Utah      )

John Ambuehl, having been first duly sworn upon oath, deposes and says:

1. I am over the age of 18, free of any improper or undue influence, and willing and able to testify to the matters stated herein of my own experience and knowledge; and if called to testify, would testify consistent with the statements herein.

2. When I entered into my loan transaction(s), I believed that I was entering into a borrower/lender relationship where the lender would have an economic interest in my loan and have full authority to amend, modify or alter the terms of my loan at a later date if mutually agreeable.

3. I did not know that I would end up in a relationship with a loan servicing company who would not have a significant economic interest in my loan and who would not have the same authority to amend, modify or alter the terms of my loan that the lender did.

1

4.  I did not understand the difference in authority and economic incentive between a lender who held the economic interest in my loan and had the authority to deal with me in any respect and a loan servicing company who would not have a significant economic interest in my loan and who would not have the same authority to amend, modify or alter the terms of my loan that the lender did.

5.  At no time was it disclosed to me that I would end up in a relationship with a loan servicing company who would not have a significant economic interest in my loan and who would not have the same authority to amend, modify or alter the terms of my loan that the lender did.

6.  I did not agree to or bargain for a relationship with a loan servicing company who would not have a significant economic interest in my loan and who would not have the same authority to amend, modify or alter the terms of my loan that the lender did.

7.  I did not understand that the actual economic interest in my loan would be held by a securitization special purpose vehicle whose identity would be hidden from me and that would have no ascertainable or accessible employees with whom I could communicate.

8.  I have said no words, taken no actions and made no manifestations of any kind that I ever assented to or agreed to the transfer of my loan and relationship from my lender to a loan servicing company who would not have a significant economic interest in my loan and who would not have full authority to amend, modify or alter the terms of my loan.

9.  I believe that I have been significantly harmed by not having a borrower/lender relationship with a lender who has an economic interest in my loan and has full authority to amend, modify or alter the terms of my loan as I would like to modify the terms of my loan and have learned that I have no lender with whom to negotiate.

10.  I believe that this lack of meeting of the minds is hugely significant and in fact makes all the difference—I wouldn't have entered the loan transaction(s) had I understood what my lender was going to do to me by forcing me into my current relationship with a loan servicing company.

© Ford & Huff LC

11. I would not have entered into the loan transaction(s) on my property if I had understood the relationship I would end up with. I would have instead sought out a small bank or local credit union that would have retained full authority concerning my loan and full economic interest in my loan.

12. At the closing on my property, I was not asked to read the closing documents, was not given the time to read the closing documents, and did not, in fact, read the closing documents.

DATED this 18 day of January 2011, I, John Ambuehl, being duly sworn upon this oath, depose and say that I have read the foregoing and understand the contents thereof, and the same is true of my own knowledge, information and belief.

_____
John Ambuehl:

Subscribed and sworn to this 18th day of January, 2011.

_____
Notary Public

LISA BENNETT
NOTARY PUBLIC-STATE OF UTAH
113 SOUTH MAIN
ALPINE, UTAH 84004
COMM. EXP. 3-31-2012

3

© Ford & Huff LC